**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Augustin Vasquez-Mendoza,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-12-01189-PHX-PGR (JFM)<br><br>ORDER |

The petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 5, 2012.  On October 31, 2012, the respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus Without Prejudice or, in the Alternative, to Hold Petition in Abeyance Pending Exhaustion of State Court Remedies (Doc. 12), wherein they argued that the petition was not then ripe for adjudication because the fact that the petitioner still had a supplemental petition for post-conviction relief pending before the Arizona Court of Appeals made it impossible for the respondents to determine whether the petitioner had properly exhausted the claims raised in his § 2254 petition.  On November 26, 2012, the petitioner filed a Motion to Hold in Abeyance the Pending Petition for Writ of Habeas Corpus (Doc. 16).  On February 26, 2013, the respondents filed a Court-ordered

supplement to their motion wherein they stated that the Arizona Court of Appeals had denied the petitioner's petition for review on January 4, 2013, but that the petitioner had filed a petition for review with the Arizona Supreme Court and that petition was then still pending. On April 22, 2013, Magistrate Judge Metcalf issued a Report and Recommendation (Doc. 25), wherein he recommended that this action be dismissed without prejudice for failure to exhaust state remedies based on his conclusion that the petitioner had not fairly presented any of the claims in his § 2254 petition to the Arizona Court of Appeals. The petitioner did not file any objections to the Report and Recommendation, although on May 22, 2013 he did file a Notification of Exhaustion of State Remedies (Doc. 26), wherein he stated that all of the pending state issues had been exhausted because the Arizona Supreme Court had denied his petition for review on May 14, 2013.

Because it appears that the issue of exhaustion of remedies was not fully briefed by the parties prior to the issuance of the Report and Recommendation due to the fact that the petitioner's state court proceedings had not then been completed, the Court concludes that this action should be referred to Magistrate Judge Metcalf for whatever further proceedings may now be appropriate in light of the completion of the state court proceedings. Therefore,

IT IS ORDERED that the respondents' Motion to Dismiss Petition for Writ of Habeas Corpus Without Prejudice or, in the Alternative, to Hold Petition in Abeyance Pending Exhaustion of State Court Remedies (Doc. 12), the petitioner's Motion to Hold in Abeyance the Pending Petition for Writ of Habeas Corpus (Doc. 16), and the petitioner's Request for Status on Report and Recommendation on Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 27) are all denied as moot.

IT IS FURTHER ORDERED that the Report and Recommendation (Doc. 25)

is rejected without prejudice and that this action is referred to Magistrate Judge Metcalf for further proceedings.

DATED this 30th day of September, 2013.

_____
Paul G. Rosenblatt
United States District Judge